# Court of Appeals of the State of Georgia

ATLANTA,   July 07, 2014

*The Court of Appeals hereby passes the following order:*

## A14E0032.  DOMENICONE v. DOMENICONE.

Kendal Megan Domenicone has filed an emergency motion for supersedeas.[1] She requests that this Court stay the trial court's order that she testify at a July 8, 2014 deposition "in a case in which criminal (and civil) contempt charges are being brought against her," arguing that she cannot be compelled to testify against herself in this action.

The attached record indeed reflects that Michael S. Domenicone has filed a petition for criminal and civil contempt related to alleged violations of a November 2013 Final Order on Custody, Visitation, and Child Support with Permanent Parenting Plan; that he noticed Kendal Domenicone for a deposition; that she filed a motion to quash and refused to attend; that he filed a motion to compel her attendance; and that the trial court granted the motion to compel and denied the motion to quash. However, the trial court noted that Kendal Domenicone must appear "for her deposition that may be considered for purposes as to civil contempt only, and not criminal contempt."

Accordingly, while it is true that "for criminal contempt the defendant . . .

---

[1] *See* Court of Appeals Rule 40 (b) ("In the exercise of its inherent power this Court may issue such orders or give such direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot. This power shall be exercised sparingly. . . .").

cannot be compelled to testify against himself,"[2] there is no such rule as to civil contempt,[3] and the trial court's order makes explicitly clear that the deposition testimony may *not* be considered for purposes of criminal contempt.[4] Accordingly, Kendal Domenicone's motion is hereby **DENIED.**



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/07/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*

_____ *, Clerk.*

---

[2] *Carlson v. Carlson*, 324 Ga. App. 214, 216 (1) (748 SE2d 304) (2013) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444 (31 SCt 492, 55 LE2d 797) (1911)).

[3] *See Gompers*, 221 U.S. at 444 ("*Without deciding what may be the rule in civil contempt*, it is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt, and cannot be compelled to testify against himself." (emphasis supplied)).

[4] *See Carlson*, 324 Ga. App. at 216 (1) ("Georgia law recognizes a distinction between 'civil' or 'criminal' contempt, although acts of contempt are neither civil nor criminal. . . . The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." (punctuation omitted)).